UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06   CV   0986**

\-------------------------------------------------------------

Civil Action No:

ROBERTO FLORES

               Plaintiff,

      -against-

THE PINNACLE GROUP,
KEW GARDENS NY, LLC, JOEL WEINER,
and HARRY HIRSCH,

               Defendants.

\-------------------------------------------------------------

<u>COMPLAINT AND
JURY DEMAND</u>

RECEIVED
FEB 0 8 2006
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Roberto Flores, hereby complains of defendants as follows:

<u>NATURE OF CLAIM</u>

1.   Plaintiff, a Hispanic building porter, over the age of 40, brings this claim for
termination because of race, color, national origin, ethnicity and age
discrimination pursuant to 42 U.S.C. §2000e <u>et.seq.</u>, Title VII of the Civil Rights
Act of 1964 as amended, 42 U.S.C. §2000e <u>et.seq.</u>, The Age Discrimination in
Employment Act of 1967 as amended, 29 U.S.C. §621, The New York State
Human Rights Law, Executive Law §290 <u>et.seq.</u>, and the New York City Human
Rights Law, §8-107 of the Administrative Code.  Plaintiff also brings claims for
termination pursuant to the Displaced Building Service Workers Protection Act
(NYDWPA), New York Administrative Code §22-505.

## JURISDICTIONAL STATEMENT

2.  This Court has jurisdiction over the claims presented pursuant to 28 U.S.C §§1331, 1343, and 1367.

3.  Plaintiff invokes the supplemental jurisdiction of this court to consider claims arising under state law.

4.  Venue lies in the Southern District of New York, pursuant to 28 U.S.C. §1391

## PARTIES

5.  Plaintiff Roberto Flores is a 42 year old Hispanic male, United States citizen and a resident of Queens, New York.  He was employed and was regularly assigned as a full time porter at 73-07 75th Road, Kew Gardens, New York for 11 years when he was terminated.

6.  Defendant, The Pinnacle Group (hereinafter "Pinnacle") is a business entity doing business in the State of New York, with principal offices at 1 Penn Plaza, Suite 4000, New York, New York, 10019.

7.  Defendant, Kew Gardens NY, LLC, is a limited liability company duly organized under the laws of the state of New York, with principal offices at 1 Penn Plaza, Suite 4000, New York, New York, 10019.

8.  Defendants, Pinnacle and Kew Gardens (hereinafter "defendant corporations") each employ over 50 building service workers.

9.  Defendant Joel Weiner, a manager of defendant corporations, and upon information and belief, is a principle and driving force of defendant corporations,

responsible for all personnel decisions, including hiring and firing.  He is sued in both his individual and official capacities.

10. Defendant Harry Hirsch, a manager of defendant corporations, and upon information and belief, is a principle of defendant corporations, with authority to make all personnel decisions, including hiring and firing.  He is sued in both his individual and official capacities.

## FACTS

11. Beginning around May 2003, defendant corporations purchased or acquired control of at least 100 apartment buildings of 50 or more units in Manhattan, the Bronx, Brooklyn, and Queens.

12. These apartment buildings are located in African American and Hispanic neighborhoods and the vast majority of the tenants in those buildings are African American and Hispanic.

13. These neighborhoods are bordering on neighborhoods in which the proportion of Caucasian residents is substantially higher.

14. At the time that defendants started managing the buildings, all of the defendants' non-management employees of the buildings were Black and Hispanic, and all the defendants' management employees were Caucasian.

15. The performance and qualifications of all the original non-management employees, including plaintiff was excellent.

16. Many of the non-management employees were older in age, having worked on the premises for many years.

17. Defendants, in violation of the law, did not notify the workers of their legal rights and did not retain the building service workers for 90 days, as required by law.

18. Defendants have replaced the minority maintenance employees almost exclusively with Caucasians of Albanian national origin, and given these Caucasians higher pay than comparable minority maintenance employees.

19. Defendants Joel Wiener and Harry Hirsch were the driving and motivating forces in the discriminatory actions, including termination of the plaintiff.

20. Defendants replaced plaintiff with a younger, Caucasian Albanian worker.

21. Respondents' actions were intentionally and willfully discriminatory.

22. On January 26, 2005, Defendants sent Plaintiff Roberto Flores a letter terminating him from employment.

23. On May 20, 2005, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (hereinafter EEOC).

24. On November 9, 2005, the EEOC issued Plaintiff a Right to Sue letter, a copy of which is attached.


COUNT I
VIOLATIONS OF 42 U.S.C. §1981: RACE

25. Plaintiff repeats and reiterates each allegation previously set forth as though fully set forth herein.

26. Defendants, without cause and without notice, fired the plaintiff.

27. The said termination was motivated solely or in part by Plaintiff's race.

28. The said termination was motivated solely or in part by Plaintiff's national origin.

4

29. The plaintiff has been discriminated against because of his race, ethnicity, or color.

30. By their actions, defendants and their agents intentionally discriminated against the plaintiff with respect to termination and other terms and conditions of employment because of race, ethnicity, and color in violation of 42 U.S.C. §1981.

## COUNT II
## VIOLATIONS OF TITLE VII: RACE

31. Plaintiff repeats and reiterates each allegation previously set forth as though fully set forth herein.

32. The plaintiff has been discriminated against because of his race, ethnicity, or color.

33. By their actions, defendants and their agents intentionally discriminated against the plaintiff with respect to termination and other terms and conditions of employment because of race, ethnicity, or color in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000 et. seq.

## COUNT III
## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT: AGE

34. Plaintiff repeats and reiterates each allegation previously set forth as though fully set forth herein.

35. The said termination was motivated solely or in part by Plaintiff's age.

36. The plaintiff has been discriminated against because of his age as described herein.

5

37. By their actions, defendants and their agents intentionally discriminated against the plaintiff with respect to termination and other terms and conditions of employment because of age in violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. §621.

## COUNT IV
## VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW: RACE

38. Plaintiff repeats and reiterates each allegation previously set forth as though fully set forth herein.

39. The plaintiff has been discriminated against because of his race, ethnicity, national origin, or color as described herein above.

40. By their actions, defendants and their agents intentionally discriminated against plaintiff with respect to termination and other terms and conditions of employment, because of race, ethnicity, national origin, or color in violation of the New York State Human Rights Law, Executive Law §290 et. Seq.

41. The individual defendants also aided and abetted the discrimination.

## COUNT V
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW: RACE

42. Plaintiff repeats and reiterates each allegation previously set forth as though fully set forth herein.

43. The plaintiff has been discriminated against because of his race, ethnicity, national origin, or color as described herein above.

44. Defendant discriminated against plaintiff with respect to termination and other terms and conditions of employment, because of race, ethnicity, national origin, or color in violation of the New York City Human Rights Law, §8-107 of the Administrative Code.

45. Plaintiff has been served a copy of this complaint upon the New York City Commission on Human Rights in compliance with the New York City Human Rights Law, §8-502 of the Administrative Code.

46. Plaintiff has been served a copy of this complaint upon the New York City Corporation Counsel in compliance with the New York City Human Rights Law, §8-502 of the Administrative Code.

47. The individual defendants also aided and abetted the discrimination.

48. Plaintiff has been damaged with respect to lost wages and benefits and pain and suffering in an amount as yet to be undetermined.


<u>COUNT VI</u>
VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW: AGE

49. Plaintiff repeats and reiterates each allegation previously set forth as though fully set forth herein.

50. The plaintiff has been discriminated against because of his age as described herein above.

51. By their actions, defendants and their agents discriminated against plaintiff with respect to termination and other terms and conditions of employment, because of

his age in violation of the New York State Human Rights Law, Executive Law
§290 et. seq.

52. The individual defendants also aided and abetted the discrimination.

53. By their actions stated herein above, defendants caused plaintiff great pain and
suffering and damaged him in an amount as yet to be undetermined.


COUNT VII
VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW: AGE

54. Plaintiff repeats and reiterates each allegation previously set forth as though fully
set forth herein.

55. The plaintiff has been discriminated against because of his age as described herein
above.

56. By their actions, defendants and their agents discriminated against plaintiff with
respect to termination and other terms and conditions of employment, because of
his age in violation of the New York City Human Rights Law, §8-107 of the
Administrative Code.

57. The individual defendants also aided and abetted the discrimination.


COUNT VIII
VIOLATIONS OF THE DISPLACED BUILDING SERVICE
WORKERS PROTECTION ACT (NYDWPA)

58. Plaintiff repeats and reiterates each allegation previously set forth as though fully
set forth herein.

59. The defendants violated the NYDWPA by failing to retain plaintiff for 90 days, and by terminating him without cause.

60. The defendants' violations of the NYDWPA were willful.


COUNT IX
VIOLATIONS OF THE NEW YORK LABOR LAW

61. Plaintiff repeats and reiterates each allegation previously set forth as though fully set forth herein.

62. The defendants violated the New York Labor Law, §191 by failing to pay Plaintiff for earned wages during the regular pay period during with his termination occurred.

63. The defendants' violations of the New York Labor Law were willful


PRAYER AND RELIEF

WHEREFORE, plaintiff demands judgment against defendants jointly, severally, and alternatively for:

A.  An injunction or specific performance of reinstatement with back pay;

B.  Compensatory damages in the amount of One Million Dollars ($1,000,000);

C.  Punitive damages in the amount of Two Million Dollars ($2,000,000);

D.  Reasonable attorney's fees, costs, and disbursements of this action.

E.  Such other and further relief as this Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.


Dated: New York, New York
       February 6, 2006


                                    THE BOSTANY LAW FIRM

                              By: _____
                                    JOHN P. BOSTANY
                                    Attorney for Plaintiff
                                    40 Wall Street
                                    New York, New York 10005
                                    (212) 530-4400

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Roberto  Flores<br>147-07 72nd Road<br>Apt. 1D<br>Flushing, NY 11367 | From:  New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-03261 | Vikki L. Barno,<br>Investigator | (212) 336-3680 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
Director

NOV 0 9 2005

*(Date Mailed)*

Enclosure(s)

cc:  Kimberly B. Nerenberg, Esq.
McDermott Will & Emery LLP
50 Rockefeller Plaza
New York, NY 10020

John P.  Bostany, Esq.
40 Wall Street
New York, NY 10005

## **DECLARATION**

Roberto S. Flores, pursuant to 28 U.S.C. §1746, hereby declares and affirms the truth of the following under penalty of perjury on this 7th day of February 2006:

1.   I am the plaintiff in this action.

2.   I have read the foregoing Verified Complaint and know the contents thereof.  The same is true to my knowledge except as to the matters stated to be alleged on information and belief and as to those matters I believe them to be true.

*Roberto S. Flores*
Roberto S. Flores

10